[Cite as *State v. Combs*, 2025-Ohio-1702.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  V.

GREGORY LEE COMBS II,

    DEFENDANT-APPELLANT.

CASE NO. 14-24-31

OPINION AND
JUDGMENT ENTRY

Appeal from Union County Common Pleas Court
Trial Court No. 2023-CR-0195

Judgment Affirmed

Date of Decision:  May 12, 2025

APPEARANCES:

    *Alison Boggs* for Appellant

    *Samantha Hobbs* for Appellee

**WILLAMOWSKI, J.**

**{¶1}** Defendant-appellant Gregory Lee Combs, II ("Combs") brings this appeal from the judgment of the Court of Common Pleas of Union County sentencing him to consecutive sentences. On appeal, Combs claims that the sentence imposed was contrary to law. For the reasons set forth below, the judgment is affirmed.

**{¶2}** On September 7, 2023, the Union County Grand Jury indicted Combs on the following 23 counts.

| Count | Offense | Statute Violated |
|---|---|---|
| 1 | Engaging in a Pattern of Corrupt Activity (F1) | 2923.32(A)(1), (B)(1) |
| 2 | Aggravated Funding of Drug Trafficking (F1) | 2925.05(A)(1), (C)(1) |
| 3 | Aggravated Trafficking in Drugs (F3) | 2925.03(A)(1), (C)(1)(c) |
| 4 | Aggravated Trafficking in Drugs (F2) | 2925.03(A)(1), (C)(1)(d) |
| 5 | Aggravated Possession of Drugs (F2) | 2925.11(A), (C)(1)(c) |
| 6 | Aggravated Trafficking (F2) | 2925.03(A)(1), (C)(1)(c) |
| 7 | Aggravated Possession of Drugs (F3) | 2925.11(A), (C)(1)(b) |
| 8 | Aggravated Trafficking in Drugs (F2) | 2925.03(A)(1), (C)(1)(c) |
| 9 | Aggravated Trafficking in Drugs (F2) | 2925.03(A)(1), (C)(1)(c) |
| 10 | Aggravated Possession of Drugs (F3) | 2925.11(A), (C)(1)(b) |
| 11 | Aggravated Trafficking in Drugs (F2) | 2925.03(A)(1), (C)(1)(c) |
| 12 | Aggravated Possession of Drugs (F3) | 2925.11(A), (C)(1)(c) |
| 13 | Aggravated Trafficking in Drugs (F1) | 2925.03(A)(1), (C)(1)(d) |
| 14 | Aggravated Possession of Drugs (F2) | 2925.11(A), (C)(1)(c) |
| 15 | Aggravated Trafficking (F3) | 2925.03(A)(1), (C)(1)(c) |
| 16 | Aggravated Possession of Drugs (F3) | 2925.11(A), (C)(1)(b) |
| 17 | Aggravated Trafficking in Drugs (F2) | 2925.03(A)(1), (C)(1)(d) |
| 18 | Aggravated Possession of Drugs (F2) | 2925.11(A), (C)(1)(c) |
| 19 | Aggravated Trafficking in Drugs (F1) | 2925.03(A)(1), (C)(1)(d) |

| 20 | Aggravated Possession of Drugs (F2) | 2925.11(A), (C)(1)(c) |
| 21 | Aggravated Trafficking (F3) | 2925.03(A)(1), (C)(1)(d) |
| 22 | Aggravated Possession of Drugs (F3) | 2925.11(A), (C)(1)(b) |
| 23 | Aggravated Possession of Drugs (F5) | 2925.11(A), (C)(1)(a) |

On September 12, 2023, Combs entered pleas of not guilty to all counts. Combs and the State reached an agreement in which Combs agreed to enter guilty pleas to counts 1, 3, 4, 6, 9, 11, 13, 15, 17, 19, and 21. Combs also agreed to all of the forfeiture specifications attached to those counts. In exchange, the State agreed to dismiss the remaining counts. No agreed sentence recommendation was reached. On February 6, 2024, the trial court conducted a change of plea hearing where the trial court accepted the changes of pleas pursuant to the agreement, found Combs guilty of the agreed counts and dismissed the remainder of the counts.

{¶3} The sentencing hearing was held on March 15, 2024. The trial court considered the purposes and principles of sentencing pursuant to R.C. 2929.11 and the statutory sentencing factors set forth in R.C. 2929.12. The trial court then imposed the following prison terms: count 1 = 6 to 9 years; count 3 = 12 months; count 4 = 2 years; count 6 = 2 years; count 9 = 2 years; count 11 = 2 years; count 13 = 3 years; count 15 = 12 months; count 17 = 2 years; count 19 = 3 years; and count 21 = 12 months. The trial court ordered that all of the sentences be served consecutively for an aggregate prison term of 25 to 28 years. The trial court also noted that the 25 year minimum term was mandatory. Combs appeals from this judgment and raises the following assignment of error on appeal.

**The trial court erred when it sentence [Combs] to consecutive sentences.**

{¶4} Combs' sole assignment of error claims that the trial court erred by imposing consecutive sentences. The basis of this argument appears to be that 1) the sentence is not supported by the record and 2) not all of the sentences should be mandatory. Appellate review of criminal sentences is governed by R.C. 2953.08. The statute is unambiguous and limits the authority of appellate courts to review consecutive sentences. *State v. Gwynne*, 2023-Ohio-3851.

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds . . .
>
> (a) That the record does not support the sentencing court's findings under division . . . (C)(4) of section 2929.14.

R.C. 2953.08(G)(2). The Supreme Court of Ohio has defined "clear and convincing evidence" as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Gwynne* at ¶ 14 quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954),

paragraph three of the syllabus. Thus in order to reverse the findings made by the trial court regarding consecutive sentences, an appellate court must have a firm belief that the record does not support the findings that were made by the trial court. *Gwynne* at ¶ 15.

{¶5} Here, the trial court made the following findings regarding consecutive sentences.

> The Court further finds that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public.

> The Court further finds that the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code or was under post-release control for a prior offense.

> The Court further finds that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

Sentencing Entry at 11-12. A review of the pre-sentence investigation report ("PSI") shows that from January 1, 2023, until August 17, 2023, Combs was participating with others in selling methamphetamines by assisting in gathering the money, going to Dayton to pick up the drugs, and then helping to distribute the drugs to various individuals. Prior to these convictions, Combs had an extensive record involving drugs going back to 2006. In 2006, Combs was convicted of a misdemeanor for possession of marijuana. In 2018, Combs was convicted of two

misdemeanor counts of possession of drug paraphernalia. In March of 2018, Combs was convicted of a felony for aggravated possession of drugs for having crystal methamphetamines. Combs was again convicted of a felony for possession of methamphetamines in March 2019. In September of 2019, Combs was found guilty of a third degree felony for possession of drugs for once again having methamphetamine on his person. Given the record before us, we do not find that the record clearly and convincingly indicates that the trial court's findings are *not* supported by the evidence. Thus, we may not reverse the judgment of the trial court's findings regarding consecutive sentences.

**{¶6}** Combs also argues that the trial court erred by finding that all the sentences were mandatory. Combs claims that since the trial court failed to indicate that the sentences as to counts 3, 15, and 21 were mandatory when stating the sentences, that the subsequent statement that they were mandatory is contrary to law. We disagree.

**{¶7}** "If aggravated trafficking in drugs is a felony of the third degree under this division and if the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense, the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree." R.C. 2925.03(C)(1)(c). A "felony drug abuse offense" is defined as any felony conviction for violation of various statutes, including R.C. 2925.11 (possession of drugs). R.C. 2925.01(G)(1), (H). Here, counts 3, 15, and 21 all

alleged violations of 2925.03 and were all third degree felonies. At the change of plea hearing, the trial court notified Combs that for each of the third degree felonies there would be a mandatory term of imprisonment because he had two or more prior drug convictions. Feb. 6, 2024, Hearing at 11. Additionally, in the change of plea agreement signed by Combs, it states that "[f]or each lower-tier F-3, there is a mandatory term of prison because it is alleged that I have two or more prior drug convictions in counts 3, 15, and 21." As noted above, the PSI shows that Combs has three prior felony drug abuse convictions. The statute states that the trial court "shall" impose mandatory sentences if the conditions are met. Combs met the conditions, thus the trial court was required to impose mandatory sentences. The sentences imposed were not contrary to law. For these reasons, the assignment of error is overruled.

{¶8} Having found no errors prejudicial to appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Union County is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

John R. Willamowski, Judge

Juergen A. Waldick, Judge

Mark C. Miller, Judge

DATED:
/hls